Felix Jerome HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–820429–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 30, 1983.

Melba Price, Houston, for appellant.

Calvin Hartman, Houston, for appellee.

Before COHEN, BASS and SMITH, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted of aggravated rape after a trial by jury. Upon his plea of true to an allegation of one prior conviction alleged for enhancement, the jury assessed his punishment at life imprisonment and a $10,000 fine.

Appellant asserts in his sole ground of error that the evidence was insufficient to identify him as the offender. It is undisputed that the complaining witness was the victim of an aggravated rape at the time and place and in the manner alleged in the indictment. Appellant has cited no constitutional provisions, statutes or judicial decisions in support of the ground of error. Although he complains of a suggestive line-up, there was no objection or motion to suppress on this basis made in the district court. Any error was, therefore, waived. *Archie v. State*, 615 S.W.2d 762, 764 (Tex.

Cr.App.1981); *Cano v. State*, 614 S.W.2d 578, 579 (Tex.Cr.App.1981).

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Rohlfing v. State*, 612 S.W.2d 598, 600 (Tex.Cr.App.1981); *Banks v. State*, 510 S.W.2d 592, 595 (Tex.Cr.App.1974). The complainant positively identified the appellant, both in court and at a pretrial lineup and his appearance was consistent with her description given to police immediately after the offense and at all times thereafter. This constitutes sufficient evidence that the appellant was the offender. *Garcia v. State*, 563 S.W.2d 925 (Tex.Cr.App.1978); *Ward v. State*, 505 S.W.2d 832 (Tex.Cr.App.1974); *Lee v. State*, 455 S.W.2d 316 (Tex.Cr.App.1970). Appellant's complaints do not rise to the level of insufficient evidence, but constitute, at most, insignificant discrepancies in the face of overwhelming, uncontradicted evidence of guilt. Ground of error one is overruled.

Although not raised in appellant's brief, we observe that the punishment assessed exceeded the statutory maximum. Appellant was on trial for a first-degree felony, aggravated rape, enhanced by an allegation of one prior felony conviction. The appropriate penalty range was, therefore, from fifteen years to life imprisonment. Tex.Penal Code Ann. § 12.42(c) (Vernon 1974). The jury charge, however, authorized the jury to assess a fine of up to $10,000 as punishment, in addition to any term of imprisonment, and the jury imposed a sentence of life imprisonment and a $10,000 fine. No fine was authorized by § 12.42(c). This constitutes an illegal sentence which cannot be enforced; however, this court has the power to reform and correct judgments and hereby does so by striking the requirement that appellant pay a fine as part of his punishment in this case. Tex.Code Crim.Pro.Ann. art. 44.24(b) (Vernon 1982). *Bogany v. State*, 646 S.W.2d 663, 664–65 (Tex.App.—Houston [1st Dist.] 1983); *Adams v. State*, 642

S.W.2d 211 (Tex.App.—Houston [14th Dist.] 1982).·

The judgment, as reformed, is affirmed.