**Jeffrey Ryan JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–98–358CR.

Court of Appeals of Texas,
Beaumont.

Submitted April 8, 1999.

Decided April 14, 1999.

Ronnie J. Cohee, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

BURGESS, Justice.

Jeffrey Ryan Jackson pleaded guilty to committing the state jail felony offense of debit card abuse. In accordance with the terms of a plea bargain agreement between Jackson and the State, the trial court deferred adjudication of guilt, placed Jackson on community supervision for a period of three years, and assessed a $500 fine. Jackson violated the terms of the community supervision order by committing another offense. The trial court proceeded with an adjudication of guilt and assessed Jackson's punishment at two years of confinement in a state jail facility, commencing upon arrival at the state jail facility. Jackson raises two points of error concerning his sentence. The State concedes error.

■■■ We must determine jurisdiction. Jackson filed a general notice of appeal which does not indicate he obtained the trial court's permission to appeal. TEX. R. APP. P. 25.2(b)(3). There are no procedural limitations on sentencing error in an open plea, and no waiver of error arising after entry of the plea. *Jack v. State*, 871 S.W.2d 741, 744 (Tex. Crim. App. 1994); *compare Helms v. State*, 484 S.W.2d 925 (Tex. Crim. App. 1972) (waiver of all error arising prior to entry of the plea). Likewise, the procedural limitations relating to appeals following a deferred adjudication of guilt do not prevent claims relating to sentencing error. *Compare Olowosuko v. State*, 826 S.W.2d 940 (Tex. Crim. App. 1992). In contrast, the procedural limitations of the right to appeal do apply in cases where the appellant pleaded guilty pursuant to a plea bargain agreement in which adjudication of guilt was deferred. *Watson v. State*, 924 S.W.2d 711, 714–15 (Tex. Crim. App. 1996). Rule 25.2(b)(3) applies to claims of error occurring after entry of the plea. *Lyon v. State*, 872 S.W.2d 732, 735 (Tex. Crim. App. 1994); *Davis v. State*, 870 S.W.2d 43, 46–47 (Tex. Crim. App. 1994).

■■■ A general notice of appeal confers jurisdiction upon an appellate court to consider a claim that a plea was not voluntarily entered. *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996). The errors raised in Jackson's brief do not

appear to implicate the voluntariness of his plea, but we are firmly convinced a defendant cannot agree to an illegal sentence. A sentence not authorized by law is void. *Heath v. State,* 817 S.W.2d 335, 336 (Tex. Crim.App.1991). In placing plea bargains for deferred adjudication within the procedural confines of the rules regarding plea bargains, the Court of Criminal Appeals reasoned:

> Although the term of years ultimately assessed against appellant in this case may not have been fixed by the plea bargain, we think it to be a reasonable interpretation of plea agreements such as the one involved here that, when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment *within the range allowed by law.* That is because a defendant who trades a plea of guilty or nolo contendere for a recommendation by the prosecutor that a judgment of guilt be delayed while he serves a period of community supervision necessarily accepts, at least in the absence of some express agreement to the contrary, that the prosecutor is making no recommendation at all concerning the term of years he may be required to serve if his probation is later revoked and the trial court proceeds to adjudicate him guilty of the charged offense.

*Watson,* 924 S.W.2d at 714 (emphasis added).

■ Although an appellant who received deferred adjudication community supervision must obtain the trial court's permission to appeal sentencing error if the punishment assessed by the trial court is within the range allowed by law, we hold we have jurisdiction to consider claims that the punishment assessed by the trial court is *not* within the range allowed by law.

■ Point of error one asserts, "Trial Court erred in not awarding appellant credit for time he was confined between arrest and the entry of his guilty plea." The trial court set pre-trial bail at $5,000. Unable to post bond, Jackson remained confined in the county jail from the date of his arrest on November 6, 1997, through December 19, 1997, when he was placed on community supervision. Article 42.12 section 15(h) of the Texas Code of Criminal Procedure makes credit for pre-sentencing jail time discretionary with the trial court. Acts 1995, 74th Leg., R.S., ch. 321, § 3.006, 1995 Tex. Gen. Laws 2774, 2816 (amended 1997) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (Vernon Supp 1999)).[1] The equal protection clause of the Fourteenth Amendment requires that inmates unable to post bond due to their indigence must receive credit for pretrial jail time even though the relevant statute provides that the award of such credit was discretionary with the trial court. *Ex parte Harris,* 946 S.W.2d 79, 80 (Tex.Crim.App.1997).

■ Point of error two contends, "Trial Court erred in not awarding appellant credit for time he was confined pending the motion to revoke his unadjudicated probation." A defendant unable to make bond due to his indigence is entitled to credit for time served in the county jail pending hearing on a motion to revoke regular community supervision. *Ex parte Bates,* 978 S.W.2d 575, 577–78 (Tex.Crim. App.1998). *Bates* does not apply in this case, which involves a deferred adjudication community supervision order, but *Harris* does apply to this period of time because it occurred before sentencing.

■ The trial court erred in ordering Jackson to serve a sentence longer than the maximum sentence for a state jail

1. The 1995 changes to Article 42.12, § 15(h)(2) were retroactive; the 1997 amendments to Article 42.12, § 15(h)(2) were not retroactive. Acts 1997, 75th Leg. R.S., ch. 488, §§ 4, 6, 1997 Tex. Gen. Laws 1812, 1813–14.

882

felony. Error in calculation of jail time credit ordinarily may be reformed on appeal. *See Watson v. State*, 942 S.W.2d 723, 727 (Tex.App.—Houston [14th Dist.] 1997, no pet.). The judgment in this case is not susceptible to reformation. The record reflects Jackson was confined in the county jail from November 6, 1997, through December 19, 1997, a period of 44 days. He was again confined sometime after April 9, 1998, but we cannot calculate this second period of confinement because the record does not include an officer's return on the capias issued by the court on the motion to adjudicate. Even more troubling is the fact that the offense was committed on August 8, 1997. Under the law in effect on the date of the offense, community supervision was mandatory upon conviction of a state jail felony, unless the defendant had been previously convicted of a felony. Acts 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2754 (amended 1997) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15(a) (Vernon Supp 1999)). Nothing in the record indicates whether Jackson had previously been convicted of a felony. Although Jackson failed to successfully complete a previous term of community supervision for this offense, that community supervision occurred prior to conviction and the applicable statute mandates community supervision upon conviction unless Jackson has a prior felony conviction. Since it is entirely possible that the sentence to a two year term is illegal, the interests of justice and judicial economy are better served by a remand for a new punishment hearing than by reformation of the sentence.

We affirm the judgment as to guilt, reverse only that portion of the judgment assessing punishment, and remand the cause for a new trial as to punishment only. TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1999).

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

RONALD L. WALKER, Chief Justice, dissenting.

The majority's opinion creates an exception to the jurisdictional requirements of the Rules of Appellate Procedure. See Tex.R.App. P. 25.2(b)(3). I believe the issue was correctly decided in *Coleman v. State*, 955 S.W.2d 360, 362 (Tex.App.—Amarillo 1997, no pet.), which held that a general notice of appeal does not confer jurisdiction on the Court of Appeals to address the matter of assessment of punishment and imposition of sentence. While it is true a sentence not authorized by law may be challenged at any time, such a challenge must be made to a court with jurisdiction to hear the complaint. Since Jackson pleaded guilty in exchange for a deferred adjudication of his guilt, he should have presented his complaint to the trial court and obtained permission to appeal. Since he did not, a post-conviction writ of habeas corpus remains his only recourse. See Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.1999). I would dismiss the appeal for lack of jurisdiction. Since the majority addresses the merits of the appeal, I respectfully dissent.