William James KESINGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–99–00610–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 22, 2000.

David A. Cuellar, Law Office of David A. Cuellar, San Antonio, for Appellant.

Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

William James Kesinger ("Kesinger") appeals a judgment sentencing him to two years confinement in a state jail facility. Kesinger presents one issue, asserting that the trial court was required to suspend imposition of his sentence and place him on community supervision. We overrule this contention and affirm the trial court's judgment.

### BACKGROUND

Kesinger was charged with committing the offense of criminal mischief, a state jail felony, on May 27, 1996. On October 2, 1996, the trial court deferred adjudication of Kesinger's guilt and placed him on community supervision for a period of four years. On May 29, 1997, the State filed a motion to enter adjudication of guilt and revoke probation, alleging Kesinger had violated the terms and conditions of his probation. On May 13, 1999, the State filed its first amended motion to enter adjudication of guilt and revoke probation. On July 12, 1999, Kesinger pled true to the allegations in the State's motion. The trial court adjudicated Kesinger's guilt and sentenced him to two years in a state jail facility. Kesinger timely filed this appeal.

### DISCUSSION

 Kesinger argues that the trial court was required to suspend imposition of his sentence and place him on community supervision based on article 42.12, section 15(a) of the Texas Code of Criminal Procedure. The version of article 42.12, section 15(a) applicable to defendants convicted of an offense committed before September 1, 1997, provided:

> On conviction of a state jail felony, punished under Section 12.35(a), Penal Code, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision, unless the defendant has been previously convicted of a felony, in which event the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed.

Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2754, *amended by*, Act of May 15, 1997, 75th Leg., R.S., ch. 488, §§ 1, 6, 1997 Tex. Gen. Laws 1812, 1812. The State concedes that if this were the only applicable statutory provision, the trial court would have been required to suspend Kesinger's sentence. *See State v. Mancuso*, 919 S.W.2d 86, 89 (Tex.Crim.App.1996); *see also Jackson v. State*, 990 S.W.2d 879, 882 (Tex.App.—Beaumont 1999, no pet.); *Jordan v. State*, 979 S.W.2d 75, 77 (Tex.App.—Austin 1998, pet. granted). However, the State asserts that article 42.12, section 5(b) is specifically applicable to the situation that faced the trial court and enabled the trial court to impose sentence. Article 42.12, section 5(b) provides, in pertinent part:

> A court assessing punishment after an adjudication of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, regardless of whether the defendant has been previously convicted of a felony.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.2000). This version of article 42.12, section 5(b) was in effect when Kesinger committed the offense, when his adjudication was deferred, and when his guilt was adjudicated and sentence was imposed. A specific statute prevails over a general statute. *See State v. Mancuso*, 919 S.W.2d at 88. Under article 42.12, section 5(b), the trial court was permitted to impose sentence.[1]

### CONCLUSION

The judgment of the trial court is affirmed.

---

1. Although our decision appears to be in conflict with the decision reached by the Beaumont court, we note that the Beaumont court did not take article 42.12, section 5(b) into consideration in reaching its decision, and the Beaumont court merely noted the possibility that the sentence was illegal in remanding the cause to the trial court for a new punishment hearing. *See Jackson*, 990 S.W.2d at 882.

On remand, the trial court still may have imposed sentence based on article 42.12, section 5(b). In addition, we note that the Austin court was not dealing with a situation involving a state jail felony for which adjudication had previously been deferred. *See Jordan*, 979 S.W.2d at 76–77 (sentence imposed following plea of guilt).