COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

JOE A.
WOOD,                                                    )                    No. 
08-00-00314-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      142nd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of Midland County, Texas

                                                                              )

Appellee.                           )                        (TC# CRC-22,881)

 

O
P I N I O N

 

Joe
A. Wood appeals the sentence imposed by the trial court following revocation of
his community supervision and adjudication of guilt for the offense of theft of
property over $1,500, a state jail felony. 
We initially dismissed this appeal for want of jurisdiction because
Appellant=s amended
notice of appeal did not comply with Tex.R.App.P.
25.2(b)(3).  Wood
v. State, 2001 WL 950501, No. 08-00-314-CR (Tex.App.--El
Paso, Aug. 21, 2001)(unpublished).  The Court of Criminal Appeals vacated our
judgment and remanded the case for reconsideration of the jurisdictional issue
in light of its recent decisions in Vidaurri
v. State, 49 S.W.3d 880 (Tex.Crim.App. 2001) and Kirtley v. State, 56 S.W.3d 48 (Tex.Crim.App. 2001). 
Wood v. State, No. 2149-01 (Tex.Crim.App. January 30, 2002)(unpublished).  We affirm.

FACTUAL AND PROCEDURAL SUMMARY








Appellant
waived his right to a jury trial and, pursuant to a plea bargain, entered a
plea of guilty to theft of property over $1,500.  The trial court found that the evidence
substantiated Appellant=s
guilt but deferred making an adjudication of guilt and placed Appellant on
community supervision for five years. 
The State later filed a motion to adjudicate guilt alleging that
Appellant had failed to report, failed to perform community service, and failed
to pay community supervision fees. 
Following a hearing, the trial court found Appellant had violated the
terms and conditions of community supervision and the court entered an
adjudication of guilt.

At
the punishment hearing, Appellant argued that the law in existence at the time
he committed his offense--May 9, 1996--required imposition of a probated
sentence.  The trial court rejected that
argument and assessed Appellant=s
punishment at confinement in the state jail for a term of two years.  Appellant timely filed a general notice of
appeal.  He filed an amended notice of
appeal on May 29, 2001, but that notice did not comply with Rule 25.2(b)(3).

JURISDICTION

The
Code of Criminal Procedure prohibits an appeal from a trial court=s decision to proceed with an
adjudication of guilt.  Tex.Code Crim.Proc.Ann.
art. 42.12, '
5(b)(Vernon Supp. 2002).  However, Article 42.12, section 5(b)
expressly allows an appeal of all proceedings after adjudication of guilt on
the original charge.  Olowosuko
v. State, 826 S.W.2d 940, 942 (Tex.Crim.App.
1992); see also Kirtley, 56 S.W.3d at 51; Issa v. State, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992).

Appellant
raises three issues on appeal:  (1) he
was denied the effective assistance of counsel on appeal because counsel filed
only a general notice of appeal; (2) he was denied the effective assistance of
counsel at his punishment hearing because counsel presented no witnesses; and
(3) the trial court imposed an unauthorized or illegal sentence.  Appeal of these issues is not precluded by
Article 42.12, section 5(b).








In
determining whether we have jurisdiction of this appeal, we must also consider
whether Rule 25.2(b)(3) precludes this appeal because
Appellant filed only a general notice of appeal.[1]  As stated in Kirtley
and prior decisions, Rule 25.2(b)(3) does not apply to
appeals raising issues which challenge the process by which a defendant is
sentenced because such issues are Aunrelated
to the conviction.@  Kirtley, 56
S.W.3d at 51; see Vidaurri, 49 S.W.3d at
885.  Rule 25.2(b)(3)
does not apply to the first two issues raised by Appellant.  See Kirtley,
56 S.W.3d at 51-52 (allowing claim of ineffective assistance of counsel at the
punishment hearing).  The third
issue is more problematic.








In
his third point of error, Appellant complains that the trial court applied the
incorrect punishment statute, and as a result, imposed an unauthorized or void
sentence.  This contention does not
relate to the propriety of the conviction but rather relates to the process by
which he was sentenced.  Thus, the
limitations stated in Rule 25.2(b)(3) do not apply to
his claim.  See Vidaurri,
49 S.W.3d at 884. 
But see Barnes v. State, 57 S.W.3d 660 (Tex.App.--Beaumont
2001, pet. ref=d)(applying Rule 25.2(b)(3) to challenge that sentence
exceeded that authorized by law).[2]  Even if it could be said that Appellant=s complaint relates to the propriety of
his conviction, Rule 25.2(b)(3) still would not apply
unless it is first shown that the trial judge assessed punishment within the
range allowed by law and did not exceed the prosecutor=s
recommendation.  See Watson v. State,
924 S.W.2d 711, 714 (Tex.Crim.App. 1996)(stating that
Awhen a prosecutor recommends deferred
adjudication in exchange for a defendant=s
plea of guilty or nolo contendere,
the trial judge does not exceed that recommendation if, upon proceeding to an
adjudication of guilt, he later assesses any punishment within the range
allowed by law@).  Given that Appellant argues that the trial
court imposed an unauthorized or illegal sentence, we would be put in the
unusual position of reaching the merits of this issue in order to determine
whether Rule 25.2(b)(3) applies.  Under either view, we must review Appellant=s complaint.  Therefore, we begin by reviewing the third
point of error.

ILLEGAL SENTENCE

In Point of Error No. Three, Appellant claims that the trial
court imposed an unauthorized sentence by sentencing him to confinement in a
state jail for two years pursuant to Article 42.12, section 5(b) of the Code of
Criminal Procedure.  He argues that the
court should have imposed mandatory community supervision as required by
Article 42.12, section 15(a).  The
relevant portion of Article 42.12, section 5(b) provides as follows:

After an
adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant=s appeal continue as if the
adjudication of guilt had not been deferred. 
A court assessing punishment after an adjudication of guilt of a
defendant charged with a state jail felony may suspend the imposition of
sentence and place the defendant on community supervision or may order the
sentence to be executed, regardless of whether the defendant has previously
been convicted of a felony. 
[Emphasis added].

 








Tex.Code Crim.Proc.Ann.
art. 42.12, '
5(b)(Vernon Supp. 2002).  The version of Article 42.12, section 15(a)
applicable to a defendant convicted of an offense after January 1, 1996 but
prior to January 1, 1997, provided as follows:

On conviction of a
state jail felony punished under Section 12.35(a), Penal Code, the judge shall
suspend the imposition of the sentence of confinement and place the defendant
on community supervision, unless the defendant has been previously  convicted of a felony, in which event
the judge may suspend the imposition of the sentence and place the defendant on
community supervision or may order the sentence to be executed.

 

Act of June 7,
1995, 74th Leg., R.S., Chapter 318, '
60, 1995 Tex.Gen.Laws
2754, amended by Act of May 31, 1997, 75th Leg., R.S., ch. 488, ''
1, 6, 1997 Tex.Gen.Laws
1812, 1813-14.

The
San Antonio Court of Appeals addressed the same issue in Kesinger
v. State, 34 S.W.3d 644 (Tex.App.--San Antonio
2000, pet. ref=d) and
found that the more specific statute, Article 42.12, section 5(b) should
prevail over the more general, Article 42.12, section 15(a).  Kesinger, 34
S.W.3d at 645, citing State v. Mancuso, 919 S.W.2d 86, 88 (Tex.Crim.App. 1996); see Tex.Gov=t Code Ann. '
311.026(a)(Vernon 1998)(providing that if a general provision conflicts with a
special or local provision, the provisions shall be construed, if possible, so
that effect is given to both).  Appellant
urges that the specific statute does not control when the general statute is
the later enactment and there is a manifest intent that the general provision
prevail.  The rule Appellant cites
applies only to irreconcilable conflicts between general and specific
provisions.   Tex.Gov=t Code Ann. '
311.026(b).  We do not find the
conflict to be irreconcilable.  Article
42.12, section 15(a) applies in general to those defendants who are convicted
of a state jail felony, whereas Article 42.12, section 5(b) has more specific
application to those defendants who, like Appellant, have already been placed
been on deferred adjudication community supervision for a state jail
felony.  Accordingly, the trial court did
not err in applying Article 42.12, section 5(b) to these facts.  Point of Error No.
Three is overruled.








INEFFECTIVE ASSISTANCE OF COUNSEL

In
Points of Error Nos. One and Two, Appellant contends that he was denied the
effective assistance of counsel on appeal and during his punishment
hearing.  

Standard of Review








A
defendant is entitled to Areasonably
effective assistance.@  Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,
2063, 80 L.Ed.2d 674 (1984); Stafford v. State, 813 S.W.2d 503, 506 (Tex.Crim.App. 1991). 
However, a defendant is not entitled to errorless counsel or counsel
whose competency is judged by hindsight. 
Stafford, 813 S.W.2d at 506; Calderon v. State,50 S.W.2d 121,
126 (Tex.App.--El Paso 1997, no pet.).  The proper standard for determining claims of
ineffective assistance under the Sixth Amendment is the two‑step analysis
adopted by the United States Supreme Court in Strickland v. Washington. See
Hernandez v. State, 988 S.W.2d 770, 771‑72 (Tex.Crim.App. 1999). 
Under the first prong, the defendant must show that counsel=s performance was deficient, to the
extent that counsel failed to function as the Acounsel@ guaranteed by the Sixth
Amendment.  Jackson
v. State, 877 S.W.2d 768, 771 (Tex.Crim.App.
1994).  The defendant must
demonstrate that his attorney=s
representation fell below an objective standard of reasonableness under
prevailing professional norms.  Vasquez v. State, 830 S.W.2d 948, 949 (Tex.Crim.App.
1992). Under the second prong, the defendant must establish that counsel=s deficient performance prejudiced the
defense.  Strickland, 466 U.S. at
687, 104 S.Ct. at 2064, 80 L.Ed.2d
at 693; Jackson, 877 S.W.2d at 771.  Prejudice is established by a showing that
there is a reasonable probability that but for counsel=s
unprofessional errors, the result of the proceeding
would have been different. Strickland, 466 U.S. at
694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson,
877 S.W.2d at 771; Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson,
877 S.W.2d at 771.

Under
the Strickland test, the appellant bears the burden of proving
ineffective assistance by a preponderance of the evidence.  Jackson, 877 S.W.2d
at 771; Calderon, 950 S.W.2d at 126.  Allegations of ineffectiveness of counsel
must be firmly founded in the record.  Hawkins v. State, 660 S.W.2d 65, 75 (Tex.Crim.App.
1983); Calderon, 950 S.W.2d at 126.  When a claim of ineffective assistance of
trial counsel is reviewed by this Court, we must indulge a strong presumption
that counsel=s conduct
falls within the wide range of reasonable, professional assistance and the appellant
must overcome the presumption that the challenged conduct can be considered
sound trial strategy.  Jackson,
877 S.W.2d at 771; Calderon, 950 S .W.2d at 126.  An appellant challenging trial counsel=s performance therefore faces a
difficult burden and Aa
substantial risk of failure.@  See Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App.
1999).  In the absence of a record
demonstrating the basis for trial counsel=s
action or inaction, a defendant will rarely be able to rebut the presumption
that counsel=s action
or inaction constituted reasonable trial strategy.  See Thompson, 9
S.W.3d at 814.

Appeal

Appellant
maintains that he has been deprived of the effective assistance of counsel on
appeal since his initial appellate attorney failed to file a notice of appeal
which complies with Rule 25.2(b)(3). 
Because the Court of Criminal Appeals has vacated our opinion dismissing
this appeal and Appellant has not been precluded from raising any issues in
this subsequent appeal, the issue raised is moot.  Point of Error No.
One is overruled.








Punishment Hearing

In Point of Error No. Two, Appellant asserts that his
attorney provided ineffective assistance by failing to call any witnesses or
present any evidence at the punishment hearing. 
Appellant does not direct our attention to where in the record we may
review the substance of any testimony or other evidence that should have been
presented but was not.  The  failure to call a
witness may support an ineffective assistance of counsel claim only if it is
shown the witness was available and the defendant would have benefitted from the testimony.  See King v. State, 649
S.W.2d 42, 44 (Tex.Crim.App. 1983).  In reviewing Appellant=s
claims, we are not permitted to speculate that favorable evidence existed.  Because the record before us does not support
Appellant=s
allegations of ineffective assistance, we overrule Point of Error No. Two.  The judgment of
the trial court is affirmed.

 

 

July 25, 2002

                                                                         

ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)

 











[1]  Rule
25.2(b)(3) provides that in an appeal from a plea-bargained case, the notice of
appeal must:  A(A)  specify
that the appeal is for a jurisdictional defect; (B) specify that the substance
of the appeal was raised by written motion and ruled on before trial; or (C)
state that the trial court granted permission to appeal.@  Tex.R.App.P. 25.2(b)(3).





[2]  Barnes
is distinguishable because it does not involve deferred adjudication.  Barnes was admonished as to the range of
punishment for the offense, he knew upon entering his plea of guilty that the
State would recommend that his punishment be assessed at five years= imprisonment, and the trial court assessed his
punishment in accordance with the plea bargain agreement.  As discussed in Vidaurri
and Feagin v. State, 967 S.W.2d 417 (Tex.Crim.App. 1998), a primary interest of Rule 25.2(b)(3) is judicial economy fostered by plea bargaining.  Vidaurri, 49
S.W.3d at 884, quoting Feagin, 967
S.W.2d at 429.  The restrictions which
ensure judicial economy, namely, limitations on the defendant=s right to appeal, are applicable to the conviction
itself.  But if a defendant is appealing
an issue which is unrelated to his conviction, then Rule 25.2(b)(3) should not apply because the purpose behind the rule is
not served.  Vidaurri,
49 S.W.3d at 884, citing Feagin, 967
S.W.2d at 420.  In the context of
deferred adjudication, a defendant is assured only that, upon adjudication, he
may be sentenced anywhere within the punishment range for the offense.  If the defendant is not subsequently
sentenced within the applicable range of punishment for his offense, then the
purpose of Rule 25.2(b)(3) is not served and the rule
does not apply.