Opinion issued October 13, 2005







     





In The
Court of Appeals
For The
First District of Texas





NO. 01-04-00525-CR






DARRELL LYNN HARVEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 2
Galveston County, Texas
Trial Court Cause No. 224168




MEMORANDUM OPINION
          A jury convicted appellant, Darrell Lynn Harvey, of driving while
intoxicated and assessed punishment at a $2,000 fine. On appeal, Harvey contends
the trial court erred in (1) denying his speedy-trial motion to dismiss; (2) denying
his motions attacking the court’s personal and subject matter jurisdiction; and (3)
denying his motion to recuse. In addition, the State asks on appeal that we vacate
Harvey’s sentence because it is in error. We hold that the State did not violate
Harvey’s right to a speedy trial, that the trial court had jurisdiction over Harvey,
and that Harvey waived his recusal arguments by filing an untimely motion to
recuse. Pursuant to the State’s appeal, we also hold that Harvey’s sentence falls
outside the statutory range because the jury failed to assess the required
confinement in jail. We thus affirm the judgment of conviction, but vacate the
sentence and remand the case to the trial court for re-sentencing. 
Facts
          On March 22, 2003, a League City patrol officer observed Harvey driving a
vehicle in Galveston County in an erratic manner. The officer stopped Harvey and
noticed that his eyes were bloodshot and glassy, and that his breath smelled of
alcohol. After Harvey failed three standardized field-sobriety tests, the officer
arrested him. Harvey posted bond, and authorities released him from jail.
          Approximately two months later, the State filed an information and
complaint, alleging that Harvey operated a motor vehicle in a public place while
intoxicated. On October 29, 2003, almost six months after the information was
filed, Harvey moved to set aside the complaint for failure to grant him a speedy
trial. The trial court did not rule on this motion. Harvey re-filed the speedy-trial
motion on March 18, 2004, and the trial court scheduled a hearing on it. Harvey
failed to appear at the hearing, and the trial court denied the motion. Before trial,
Harvey filed three other motions contending that the trial court lacked personal and
subject matter jurisdiction, all of which the trial court denied. On the day of
trial—May 10, 2004—Harvey moved to disqualify and recuse the judge. The trial
court denied the motion.
Speedy Trial
          In his first issue, Harvey contends the trial court “failed to recognize” his
right to a speedy trial. According to Harvey, the State exceeded the sixty-day
requirement afforded by statute in which to proceed to trial and thus violated his
constitutional right to a speedy trial. 
          The right to a speedy trial is guaranteed by the Sixth Amendment to the
United States Constitution and is applicable to the states through the Fourteenth
Amendment. Barker v. Wingo, 407 U.S. 514, 515, 92 S. Ct. 2182, 2184 (1972). 
The Texas Constitution and Code of Criminal Procedure independently guarantee a
speedy trial, but Texas courts look to the federal courts to determine constitutional
rights and apply the Barker test for a speedy-trial analysis. Ervin v. State, 125
S.W.3d 542, 545 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing Harris v.
State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992)); see also Tex. Const. art. I,
§ 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon Supp. 2004–2005). 
          The Barker test requires that we consider (1) the length of the delay, (2) the
reason for the delay, (3) the defendant’s assertion of his right, and (4) the prejudice
to the defendant. Barker, 407 U.S. at 530, 92 S. Ct. at 2192; Shaw v. State, 117
S.W.3d 883, 888–89 (Tex. Crim. App. 2003). No single factor is necessary or
sufficient to establish a violation of the defendant’s right to a speedy trial. Barker,
407 U.S. at 533, 92 S. Ct. at 2193; Shaw, 117 S.W.3d at 889. In conducting a
speedy-trial analysis under the Barker test, we review legal issues de novo, but
defer to a trial court’s resolution of factual issues. Kelly v. State, 163 S.W.3d 722,
726 (Tex. Crim. App. 2005). 
1. The Length of the Delay
          We measure the first factor, length of the delay, from the time the defendant
is arrested or formally accused. Shaw, 117 S.W.3d at 889. Harvey contends the
approximate fourteen-month delay between his arrest and the trial violates the
Speedy Trial Act, which requires the State to prosecute him within sixty days. See
Tex. Code Crim. Proc. Ann. art. 32A.02 § 1(3) (Vernon 1989) (“a court shall
grant a motion to set aside an indictment, information, or complaint if the state is
not ready for trial within . . . 60 days of the commencement of a criminal action if
the defendant is accused of a misdemeanor punishable by a sentence of
imprisonment for 180 days or less or punishable by a fine only”). 
          Initially, we note that the Speedy Trial Act has been declared
unconstitutional. See Meshell v. State, 739 S.W.2d 246, 258 (Tex. Crim. App.
1987) (declaring Speedy Trial Act unconstitutional because it violates separation
of powers). A violation of the Speedy Trial Act thus provides no basis for a
dismissal. Harris v. State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (holding
that “[b]ecause the Act is invalid, it cannot provide [a] basis for relief”). 
          The fourteen-month delay between Harvey’s arrest and trial, however, is
presumptively unreasonable. See id. at 956 (noting that courts generally hold
delays of eight months or longer presumptively unreasonable); Shaw, 117 S.W.3d
at 889 (holding that “[i]n general, delay approaching one year is sufficient to
trigger a speedy-trial inquiry”). This delay does not necessarily mean that there is
a speedy-trial violation; rather, it triggers a Barker speedy-trial analysis. Ervin,
125 S.W.3d at 546; Harris, 827 S.W.2d at 956. Once a presumptively
unreasonable delay is proven, the court considers, “as one factor among several,
the extent to which the delay stretches beyond the bare minimum needed to trigger
judicial examination of the claim.” Shaw, 117 S.W.3d at 889 (quoting Doggett v.
United States, 505 U.S. 647, 652, 112 S. Ct. 2686, 2691 (1992)). Here, the delay
was several months more than the minimum needed to trigger the inquiry. This
factor thus weighs in favor of finding a speedy-trial violation. 
2. The Reason for the Delay
          In reviewing the second factor, the reasons justifying the delay, we assign
different weights to different reasons—some reasons are valid and serve to justify
the delay, while other reasons are invalid and do not serve to justify it. Shaw, 117
S.W.3d at 889. Here, Harvey did not appear for the hearing on his motion for
speedy trial, and thus no evidence was adduced concerning the reason for the
delay. There is no evidence in the record of any party filing a continuance. At the
time of trial, the trial court observed that the State never announced that it was not
ready for trial, and advised Harvey that his trial had been delayed because of the
high number of cases on the court’s docket: “You are not being denied a trial. It’s
just that you are in there with 8,000 other cases I have in this court.” A crowded
docket is not a valid reason for delay and thus is counted against the State,
although not heavily. Shaw, 117 S.W.3d at 890. 
3. The Defendant’s Assertion of His Right
          The third factor, the defendant’s assertion of his right, considers whether the
defendant really desired a speedy trial. Id. “A motion to dismiss notifies the State
and the court of a speedy-trial claim, but a defendant’s motivation in asking for a
dismissal rather than a prompt trial is clearly relevant, and may sometimes
attenuate the strength of his claim.” Ervin, 125 S.W.3d at 547 (citing Phillips v.
State, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983)). Here, seven months after his
arrest, Harvey filed a motion to set aside the complaint, demanding that the charges
against him be dismissed because the State failed to prosecute the case within sixty
days. Five months later, Harvey re-filed this motion. Harvey never requested a
trial—rather, he merely sought to have his case dismissed because it was not
prosecuted within sixty days, as required by the unconstitutional Speedy Trial Act. 
Harvey’s request for a dismissal, and not a trial, weighs against him. See id. 
Moreover, Harvey did not appear at the hearing on his motion to dismiss and
adduced no evidence to support his claim of a speedy-trial violation. This factor
thus weighs against finding a speedy-trial violation. 
4. Prejudice to the Defendant Resulting from the Delay
          The final Barker factor focuses on whether the defendant suffered prejudice
as a result of the delay. Barker, 407 U.S. at 532, 92 S. Ct. at 2193. Prejudice to a
defendant is considered in light of the interests that the right to a speedy trial is
intended to protect: (1) to prevent oppressive incarceration; (2) to minimize the
defendant’s anxiety; and (3) to limit the possibility that the defendant’s defense
will be impaired. Id. 
          Here, Harvey does not allege any prejudice to him; nor does the record
indicate that any prejudice existed. First, Harvey was out on bond pending his trial
and thus did not suffer oppressive pretrial incarceration. Second, Harvey did not
offer evidence to the trial court that the delay had caused him any unusual anxiety
or concern. See Shaw, 117 S.W.3d at 890. Third, Harvey based his entire defense
on his cross-examination of the arresting officer. This officer’s testimony
primarily came from the notes he took the night of the arrest and the videotape of
the standardized tests, neither of which changed during the delay. This factor thus
weighs against finding a speedy-trial violation. See id.
5. Balancing the Barker Factors
          We note that the delay was presumptively unreasonable, as it was due to the
court’s heavy docket, but under Barker these facts weigh only slightly against the
State. When coupled with Harvey’s request for a dismissal rather than a trial, and
his failure to appear at the hearing, we conclude that the balance favors no speedy-trial violation. Moreover, Harvey has not alleged, and we do not find, any
prejudice caused by the delay. The trial court thus did not err in overruling
Harvey’s motion to dismiss for failure to grant a speedy trial. 
 
Subject Matter Jurisdiction
In his second issue, Harvey contends the trial court lacked both personal and
subject matter jurisdiction. Harvey asserts this argument in a single paragraph and
cites to no authority.


 Our review of the record indicates that the trial court had
proper jurisdiction. 
Subject matter jurisdiction is conferred on a court by statute or constitution. 
Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981) (noting power of
court over subject matter of case is conveyed by statute or constitutional
provision). County courts at law have jurisdiction over misdemeanor offenses. 
See Tex. Const. art. V, §§ 16, 17; Tex. Gov. Code Ann. §§ 25.0003, 25.0732
(Vernon 2004). Here, Harvey was charged with the misdemeanor of driving while
intoxicated in Galveston County and was tried by a Galveston County court. The
trial court thus had subject matter jurisdiction. 
The presentment of an information vests the trial court with jurisdiction over
the person of the defendant—personal jurisdiction. See Tex. Const. art. V,
§ 12(b) (“The presentment of an indictment or information to a court invests the
court with jurisdiction of the cause.”); Ramirez v. State, 105 S.W.3d 628, 630 (Tex.
Crim. App. 2003) (“the mere presentment of an information to a trial court invests
that court with jurisdiction over the person of the defendant”). Here, the State filed
an information against Harvey, charging him with driving while intoxicated. The
trial court thus had personal jurisdiction.
Motion to Recuse
In his third issue, Harvey contends the trial court erred in denying his motion
to recuse. Harvey contends that under Rule 18a(c), the judge either had to recuse
himself or refer the motion to the presiding judge of the administrative district—he
could not simply deny the motion. See Tex. R. Civ. P. 18a(c). The State contends
Harvey waived this issue because he did not file his motion until the day of trial. 
We review a judge’s denial of a motion to recuse for an abuse of discretion. 
Bruno v. State, 916 S.W.2d 4, 6 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d). 
Harvey filed his motion to recuse under Texas Rule of Civil Procedure 18a. 
Rule 18a, a civil rule setting forth the procedures for the recusal of judges, applies
to criminal cases. Arnold v. State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). 
Rule 18a states that “[a]t least ten days before the date set for trial . . ., any
party may file with the clerk of the court a motion stating grounds why the judge
before whom the case is pending should not sit in the case.” Tex. R. Civ. P.
18a(a). When a timely motion is filed, “the judge shall either recuse himself or
request the presiding judge of the administrative judicial district to assign a judge
to hear such motion.” Tex. R. Civ. P. 18a(c). 
In a criminal case, a trial judge has no duty to recuse or refer if the recusal
motion is not timely filed. De Leon v. Aguilar, 127 S.W.3d 1, 5 n.3 (Tex. Crim.
App. 2004) (orig. proceeding) (“A timely filed recusal motion triggers the trial
judge’s duty to recuse or to refer. The trial judge has no such duty when a recusal
motion is not timely filed.”); Arnold, 853 S.W.2d at 544–45 (holding that
defendant’s failure to comply with ten-day notice provision waived appeal of
denial to have motion heard by judge other than one assigned to case).


 
Here, Harvey’s motion to recuse was untimely—Harvey filed it on the day
of trial. We thus hold that Harvey failed to preserve his recusal argument.Illegal SentenceIn a cross-issue on appeal, the State contends that the trial court erred in
allowing the jury to return a punishment that was not within the statutory
punishment range. A sentence that is outside the maximum or minimum range of
punishment is unauthorized by law and thus illegal. Mizell v. State, 119 S.W.3d
804, 806 (Tex. Crim. App. 2003). The State may raise the issue of an illegal
sentence by a cross-point in its appellate brief and need not file its own notice of
appeal to do such. Id. at 806–07. An illegal sentence cannot be enforced. Harris
v. State, 670 S.W.2d 284, 285 (Tex. App.—Houston [1st Dist.] 1983, no pet.). 
          Harvey was charged with driving while intoxicated. Our Penal Code
provides that, in the absence of a finding of an open container, a first-offense
driving while intoxicated “is a Class B misdemeanor, with a minimum term of
confinement of 72 hours.” Tex. Pen. Code § 49.04(b) (Vernon Supp. 2004–2005). 
Here, the jury found Harvey guilty of driving while intoxicated but assessed only a
fine—it did not assess confinement. The punishment is below the prescribed
statutory minimum and thus the punishment portion of the sentence is void. See
Fullbright v. State, 818 S.W.2d 808, 809 (Tex. Crim. App. 1991) (holding that if
punishment is not authorized by law, portion of sentence imposing that punishment
is void); State v. Magee, 29 S.W.3d 639, 640 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d) (reversing sentence for Class B misdemeanor driving while
intoxicated because it did not include required confinement). 
          Here, the sentencing error affects only the punishment assessed and not the
conviction. We thus affirm the trial court’s judgment of conviction and remand the
case to the trial court for a new sentencing hearing. See Tex. Code Crim. Proc.
Ann. art. 44.29(b) (Vernon Supp. 2004–2005); State v. Rowan, 927 S.W.2d 116,
116–17 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Conclusion
          We conclude (1) the trial court did not err in denying Harvey’s speedy-trial
motion to dismiss; (2) the trial court did not err in denying Harvey’s motions
attacking the court’s personal and subject matter jurisdiction; and (3) Harvey failed
to preserve his argument concerning his motion to recuse the trial judge. We also
sustain the State’s cross-issue because we conclude that Harvey’s sentence is
outside the statutory punishment range and thus is void. We affirm the judgment
of conviction, vacate the sentence, and remand the case to the trial court for a new
sentencing hearing.

 
                                                             Jane Bland
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).