**Ashley Jean SAWYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–08–00229–CR.**

Court of Appeals of Texas, Beaumont.

Submitted June 16, 2009.

Decided Aug. 26, 2009.

Bryan Laine, Beaumont, for appellant.

Sue Korioth, Special Prosecutor for Jasper County, Dallas, for state.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

### OPINION

HOLLIS HORTON, Justice.

Ashley Jean Sawyer pled guilty to possession of a controlled substance, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (Vernon 2003). The trial court deferred adjudication of guilt, placed Sawyer on community supervision for three years, and assessed a $3000.00 fine. The State subsequently filed a mo-

tion to adjudicate guilt. When Sawyer's counsel refused to allow her to enter a plea to the State's motion to adjudicate, the trial court deemed her refusal to be a plea of "not true" to the allegations. After an evidentiary hearing, the trial court found the allegations in the motion to adjudicate to be true, found Sawyer guilty of possessing a controlled substance, and sentenced her to two-years' confinement in a state jail facility. We affirm.

## Background

The State's motion to adjudicate alleged Sawyer committed two violations of the terms and conditions established for her community supervision. First, the State alleged Sawyer violated the condition that she commit no offense against Texas law when she operated a vehicle while intoxicated, struck a pedestrian with her vehicle, and caused his death. Second, based on the contention that she had used marijuana, the State alleged Sawyer violated the condition that she abstain from using alcohol, marijuana, and any other illegal controlled substance.

To carry its burden of proof, the State called several witnesses to testify at the hearing on its motion to adjudicate. Included was Sawyer's probation officer who presented testimony about Sawyer's drug use. Also called to testify were persons who witnessed events surrounding the pedestrian's death. After the State rested, the defense presented no witnesses.

On appeal, Sawyer raises one issue. She contends the trial court abused its discretion in sentencing her to state jail confinement because the law in effect at the time of her offense mandated a suspended sentence.

## Analysis

Sawyer's argument primarily relies on the 2003 version of article 42.12, section 15(a)(1) of the Texas Code of Criminal Procedure, which provided as follows:

On conviction of a state jail felony under Section 481.115(b), 481.1151(b)(1), 481.116(b), 481.121(b)(3), or 481.129(g)(1), Health and Safety Code, that is punished under Section 12.35(a), Penal Code, the judge shall suspend the imposition of the sentence and place the defendant on community supervision, unless the defendant has previously been convicted of a felony, in which event the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed. The provisions of this subdivision requiring the judge to suspend the imposition of the sentence and place the defendant on community supervision do not apply to a defendant who under Section 481.1151(b)(1), Health and Safety Code, possessed more than five abuse units of the controlled substance or under Section 481.121(b)(3), Health and Safety Code, possessed more than one pound of marihuana.

Act of May 24, 2003, 78th Leg., R.S., ch. 1122, § 1, 2003 Tex. Gen. Laws 3212, *amended by* Act of May 26, 2007, 80th Leg., R.S., ch. 1025, § 1, 2007 Tex. Gen. Laws 3565, 3565–66 (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12 § 15(a)(1) (Vernon Supp. 2008)).

The Dallas Court of Appeals, however, recently determined that section 5(b) of article 42.12 controls over section 15(a)(1) in deferred adjudication cases such as Sawyer's, and we agree. *See Dudley v. State*, No. 05–06–01448–CR, 2008 WL 2043034, at *4 (Tex.App.-Dallas May 14, 2008, no pet.); *see also* TEX.CODE CRIM. PROC. ANN. art. 42.12 §§ 5(b), 15(a)(1) (Vernon Supp. 2008). Section 5(b), in pertinent part provides that a trial court "assessing punishment after an adjudication

of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, regardless of whether the defendant has previously been convicted of a felony." The *Dudley* Court found that section 5 "is a special statute relating to deferred adjudication proceedings and controls the trial court's discretion in assessing punishment...." *Id.; see Kesinger v. State,* 34 S.W.3d 644, 645 (Tex.App.-San Antonio 2000, pet. ref'd) (holding that section 5(b) is a specific statute that controls over section 15(a)(1)).

Under a previous version of article 42.12, section 15(a), we stated that community supervision was mandatory for defendants who had no previous felony convictions and were convicted of state jail felonies after revocation of deferred adjudication community supervision. *See Jackson v. State,* 990 S.W.2d 879, 882 (Tex.App.-Beaumont 1999, no pet.). In *Jackson,* the parties advanced no argument that article 42.12, section 5(b) controlled over article 42.12, section 15(a). *See id.* Here, the State argues that section 5(b) controls. To the extent there exists any conflict with this case, *Jackson* is overruled.

In 2007, Sawyer pled guilty to a state jail felony under 481.115(a), (b), namely, possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b). The trial court did not adjudicate her guilt, but instead deferred adjudication and placed Sawyer on community supervision. The trial court revoked Sawyer's community supervision, convicted her on May 9, 2008, and sentenced her to two years confinement in a state jail facility, as authorized under section 5(b). *See* Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b).

We find the trial court did not abuse its discretion in doing so.

Accordingly, we overrule Sawyer's issue and affirm the trial court's judgment.

AFFIRMED.