In The

Court of Appeals

Ninth District of Texas at Beaumont

____________________

NO. 09-08-00229-CR
____________________

ASHLEY JEAN SAWYER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 1st District Court
Jasper County, Texas
Trial Cause No. 10126JD




 OPINION
           Ashley Jean Sawyer pled guilty to possession of a controlled substance, a state jail
felony. See Tex. Health & Safety Code Ann. § 481.115 (a), (b) (Vernon 2003). The trial
court deferred adjudication of guilt, placed Sawyer on community supervision for three years,
and assessed a $3000.00 fine. The State subsequently filed a motion to adjudicate guilt. 
When Sawyer’s counsel refused to allow her to enter a plea to the State’s motion to
adjudicate, the trial court deemed her refusal to be a plea of “not true” to the allegations. 
After an evidentiary hearing, the trial court found the allegations in the motion to adjudicate
to be true, found Sawyer guilty of possessing a controlled substance, and sentenced her to
two-years’ confinement in a state jail facility. We affirm. 
Background
           The State’s motion to adjudicate alleged Sawyer committed two violations of the
terms and conditions established for her community supervision. First, the State alleged
Sawyer violated the condition that she commit no offense against Texas law when she
operated a vehicle while intoxicated, struck a pedestrian with her vehicle, and caused his
death. Second, based on the contention that she had used marijuana, the State alleged 
Sawyer violated the condition that she abstain from using alcohol, marijuana, and any other
illegal controlled substance.
           To carry its burden of proof, the State called several witnesses to testify at the hearing
on its motion to adjudicate. Included was Sawyer’s probation officer who presented
testimony about Sawyer’s drug use. Also called to testify were persons who witnessed events
surrounding the pedestrian’s death. After the State rested, the defense presented no
witnesses.
           On appeal, Sawyer raises one issue. She contends the trial court abused its discretion
in sentencing her to state jail confinement because the law in effect at the time of her offense
mandated a suspended sentence.
 
 
Analysis
           Sawyer’s argument primarily relies on the 2003 version of article 42.12, section
15(a)(1) of the Texas Code of Criminal Procedure, which provided as follows: 
On conviction of a state jail felony under Section 481.115(b),
481.1151(b)(1), 481.116(b), 481.121(b)(3), or 481.129(g)(1), Health and
Safety Code, that is punished under Section 12.35(a), Penal Code, the judge
shall suspend the imposition of the sentence and place the defendant on
community supervision unless the defendant has previously been convicted of
a felony, in which event the judge may suspend the imposition of the sentence
and place the defendant on community supervision or may order the sentence
to be executed. The provisions of this subdivision requiring the judge to
suspend the imposition of the sentence and place the defendant on community
supervision do not apply to a defendant who under Section 481.1151(b)(1),
Health and Safety Code, possessed more than five abuse units of the controlled
substance or under Section 481.121(b)(3), Health and Safety Code, possessed
more than one pound of marihuana.

Act of May 24, 2003, 78th Leg., R.S., ch.1122, § 1, 2003 Tex. Gen. Laws 3212, amended
by Act of May 26, 2007, 80th Leg., R.S., ch 1025, § 1, 2007 Tex. Gen. Laws 3565, 3565-66
(current version at Tex. Code Crim. Proc. Ann. art. 42.12 § 15(a)(1) (Vernon Supp. 2008)). 
           The Dallas Court of Appeals, however, recently determined that section 5(b) of article
42.12 controls over section 15(a)(1) in deferred adjudication cases such as Sawyer’s, and we
agree. See Dudley v. State, No. 05-06-01448-CR, 2008 WL 2043034, at *4 (Tex.
App.–Dallas May 14, 2008, no pet.); see also Tex. Code Crim. Proc. Ann. art. 42.12 §§
5(b), 15(a)(1) (Vernon Supp. 2008). Section 5(b), in pertinent part provides that a trial court
“assessing punishment after an adjudication of guilt of a defendant charged with a state jail
felony may suspend the imposition of the sentence and place the defendant on community
supervision or may order the sentence to be executed, regardless of whether the defendant
has previously been convicted of a felony.” The Dudley Court found that section 5 “is a
special statute relating to deferred adjudication proceedings and controls the trial court’s
discretion in assessing punishment. . . .” Id.; see Kesinger v. State, 34 S.W.3d 644, 645 (Tex.
App.–San Antonio 2000, pet. ref’d)(holding that section 5(b) is a specific statute that controls
over section 15(a)(1)). 
           Under a previous version of article 42.12, section 15(a), we stated that community
supervision was mandatory for defendants who had no previous felony convictions and were
convicted of state jail felonies after revocation of deferred adjudication community
supervision. See Jackson v. State, 990 S.W.2d 879, 882 (Tex. App.–Beaumont 1999, no
pet.). In Jackson, the parties advanced no argument that article 42.12, section 5(b) controlled
over article 42.12, section 15(a). See id. Here, the State argues that section 5(b) controls. 
To the extent there exists any conflict with this case, Jackson is overruled. 
           In 2007, Sawyer pled guilty to a state jail felony under 481.115 (a), (b), namely, 
possession of a controlled substance. See Tex. Health & Safety Code Ann. § 481.115(a),
(b). The trial court did not adjudicate her guilt, but instead deferred adjudication and placed
Sawyer on community supervision. The trial court revoked Sawyer’s community
supervision, convicted her on May 9, 2008, and sentenced her to two years confinement in
a state jail facility, as authorized under section 5(b). See Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b). We find the trial court did not abuse its discretion in doing so. 
           Accordingly, we overrule Sawyer’s issue and affirm the trial court’s judgment.
           AFFIRMED.
                                                                                        ____________________________
                                                                                                   HOLLIS HORTON
                                                                                                              Justice

Submitted on June 16, 2009
Opinion Delivered August 26, 2009
Publish

Before McKeithen, C.J., Kreger and Horton, JJ.