

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00100-CR

John Elvis **CARPENTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CR-7313
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  September 21, 2016

AFFIRMED AS MODIFIED

John Elvis Carpenter was convicted of burglary of a habitation and sentenced as a habitual offender. In addition to imprisonment, Carpenter's sentence includes a $2,000 fine. On appeal, Carpenter contends "[t]he fine . . . assessed by the trial court [i]s outside the range of punishment and therefore illegal." The State agrees. Having reviewed the record, we also agree. We therefore strike the $2,000 fine and affirm the judgment as modified.

### BACKGROUND

On a Tuesday evening, Carpenter used a sledgehammer to break into the home of Amadeo Patterson in San Antonio, Texas. Carpenter entered Patterson's home and stole several items

belonging to Patterson and his family. The stolen items included two laptop computers, a Samsung Galaxy tablet, a Leatherman Multitool, several pieces of jewelry, a compound bow, and a quiver of arrows. Carpenter placed several of the items into a white pillowcase to carry them out of the home. After leaving Patterson's home, Carpenter pawned several of the stolen items at pawn shops. Carpenter was thereafter arrested.

A grand jury indicted Carpenter for burglary of a habitation. The indictment further alleged Carpenter had two prior convictions for burglary of a habitation. Pursuant to a plea agreement with the State, Carpenter pled guilty and agreed he had prior felony convictions. The State and Carpenter "mutually agreed and recommended" punishment be assessed at a "cap of 35 years" and a fine of $2,000. Carpenter and his counsel signed the plea agreement in which he agreed to the recommended punishment, and Carpenter waived his right to a jury trial. The trial court found Carpenter guilty, and pronounced sentence in accordance with the plea agreement at the punishment hearing. Carpenter's sentence includes a $2,000 fine and thirty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

The trial court certified the case was a plea-bargain case and Carpenter had no right of appeal. Carpenter signed the certification, but filed a notice of appeal and a motion for the appointment of appellate counsel. The trial court granted Carpenter's motion and appointed him counsel. Carpenter then filed a motion for an amended certification of his right to appeal. He argued the fine was not authorized by the habitual offender statute. *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2016). The trial court granted Carpenter's motion and signed an amended certification permitting Carpenter to appeal.

## ILLEGAL SENTENCE

Carpenter filed his appellant's brief and raised one issue: "The fine included in the plea bargain and assessed by the trial court [i]s outside the range of punishment and therefore illegal."[1] "The State agrees with [Carpenter] the $2,000.00 fine assessed against him as part of the judgment for this case should be deleted and the remaining portion of the judgment imposing thirty five (35) years imprisonment is legal and should be affirmed."

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). "[A] defendant cannot agree to an illegal sentence." *Jackson v. State*, 990 S.W.2d 879, 881 (Tex. App.—Beaumont 1999, no pet.), *overruled on other grounds by Sawyer v. State*, 294 S.W.3d 862 (Tex. App.—Beaumont 2009, pet. ref'd). Section 12.42 of the Texas Penal Code provides penalties for repeat and habitual felony offenders on trial for a first, second, or third degree felony. TEX. PENAL CODE ANN. § 12.42. Section 12.42(d) provides, subject to exceptions not applicable in this case:

> [I]f it is shown on the trial of a felony offense other than a state jail felony . . . the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years.

*Id.* § 12.42(d). Section 12.42(d) does not authorize a fine in addition to imprisonment. *Id.*; *Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App.—Texarkana 2013, pet. ref'd).

The indictment charged Carpenter with burglary of a habitation. This offense is not a state jail felony; it is a second degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c) (West 2011). The

---

[1] After Carpenter's appointed counsel filed a brief on Carpenter's behalf, Carpenter filed a *pro se* reply brief in which he raised another issue. We will not address the issue raised in Carpenter's *pro se* brief because appellants are not entitled to hybrid representation on appeal. *See Marshall v. State*, 210 S.W.3d 618, 620 n. 1 (Tex. Crim. App. 2006) (explaining that defendants have no right to hybrid representation on appeal and pro se brief will not be addressed): *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) (per curiam) ("Appellants are not allowed to have 'hybrid representation' on appeal, in which an appellant and an attorney can present independent points to an appellate court.").

trial court found the indictment's enhancement allegations true. The indictment alleged Carpenter was convicted for burglary of a habitation in 1987 and burglary of a habitation in 1993. These convictions were for felony offenses. *See id.*; *Blankenship v. State*, 780 S.W.2d 198, 200 (Tex. Crim. App. 1988). The indictment further alleged the 1993 felony conviction is for an offense that occurred after the 1987 conviction became final. Thus, section 12.42(d) required Carpenter to be "punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years" and did not authorize a fine in addition to imprisonment. *See* TEX. PENAL CODE ANN. § 12.42(d); *Dolph*, 440 S.W.3d at 908. Carpenter's sentence of imprisonment for thirty-five years is within the statutory range of punishment, but the $2,000 fine is not authorized. *See* TEX. PENAL CODE ANN. § 12.42(d); *Dolph*, 440 S.W.3d at 908. The $2,000 fine is therefore illegal. *See Dolph*, 440 S.W.3d at 908.

## CONCLUSION

When a trial court assesses an unauthorized or illegal fine, we may modify the judgment "by striking the requirement . . . appellant pay a fine as part of his punishment." *Harris v. State*, 670 S.W.2d 284, 285 (Tex. App.—Houston [1st Dist.] 1983, no writ); *see also Mizell*, 119 S.W.3d at 806 ("A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence."); TEX. R. APP. P. 43.2(b) (authorizing a court of appeals to "modify a trial court's judgment and affirm it as modified"). We therefore modify the trial court's judgment by striking the requirement that Carpenter pay a fine as part of his punishment and affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b); *Harris*, 670 S.W.2d at 285.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH