**Harold Lynn HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–94–00236–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted June 14, 1995.

Decided June 21, 1995.

Ted Beaty, Winnsboro, for appellant.

Henry Whitley, Asst. Dist. Atty., Quitman, for appellee.

Before CORNELIUS, C.J., BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Harold Harris appeals from a judgment finally adjudicating his guilt and assessing punishment at thirty years' confinement. He claims that his conviction should be set aside because of an improper admonishment as to the range of punishment. We find that the trial court substantially complied with the requirement that it admonish the defendant as to the range of punishment and affirm.

Harris was charged with criminal mischief-tampering by diverting electrical power, a third-degree felony enhanced by two prior felony convictions. Pursuant to a plea bargain agreement, he pleaded guilty on June 13, 1991, to the primary offense and true to the enhancement paragraphs. The trial court admonished Harris of his right to a trial by jury, his right to call witnesses, his right to cross-examine and be confronted by the State's witnesses, his right to require the State to prove its case beyond a reasonable doubt, and his right to remain silent and not give any testimony or evidence in the case.

■ The trial court explained that criminal mischief-tampering was a third-degree felony, but the two enhancement paragraphs raised it to a first-degree felony punishable by confinement in the Texas Department of Criminal Justice for not less than five years nor more than ninety-nine years or life with

an optional fine of up to $10,000.00. This explanation was erroneous. The minimum confinement upon conviction and a finding of true on both enhancement counts is twenty-five years, not five years. TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1994). Additionally, there is no statutory provision for a fine as a habitual offender. *Id.*

Harris pleaded guilty, and the court, pursuant to the plea bargain agreement, found that the evidence was sufficient to substantiate his guilt and a finding of true on the enhancement counts, but deferred proceedings and placed Harris on probation for a period of ten years. Harris assured the court that he was pleading guilty because he was guilty, that the allegations were true, and he stated that he had not been threatened or promised anything, including any hope of pardon or parole, and he further assured the court that his plea of guilty was freely, intelligently, knowingly, and voluntarily entered.

At the hearing held on the State's motion to proceed to final adjudication of guilt, Harris entered a plea of not true. The trial court found that the allegations that Harris had violated the terms and conditions of probation were true and adjudicated Harris' guilt, found the enhancement paragraphs true, revoked his probation, and assessed punishment at thirty years' confinement.

■ A defendant must be given certain admonishments prior to his entering a plea of guilty, including the range of punishment for the offense charged. TEX.CODE CRIM.PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1995). Before entering his plea of guilty, Harris was admonished that the range of punishment for the offense charged, criminal mischief-tampering enhanced by two prior felony convictions, was that for a first-degree felony, namely, not less than five years nor more than ninety-nine years or life with an optional fine of up to $10,000.00. As we have indicated, this admonishment was erroneous, as the statutory range of punishment was not less than twenty-five years nor more than ninety-nine years or life. TEX.PENAL CODE ANN. art. 12.42(d). However, substantial compliance with article 26.13 is sufficient un-

less an appellant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the court's admonishments. *Hughes v. State,* 833 S.W.2d 137, 139–40 (Tex.Crim.App.1992). Substantial compliance exists when the trial court has undertaken to admonish the defendant, the sentence assessed is within the statutory range prescribed by law, and the defendant has failed to affirmatively show harm. *Id.* Here, the punishment assessed was within both the statutory range and within the range of punishment about which Harris was admonished. Thus, substantial compliance exists here, and Harris has failed to show that he was harmed.

We affirm the judgment of conviction.