

**IN THE
TENTH COURT OF APPEALS**

**No. 10-15-00042-CR**

**BRENDA ELAINE PATTERSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 220th District Court
Hamilton County, Texas
Trial Court No. CR-07998**

**MEMORANDUM OPINION**

In one issue, appellant, Brenda Elaine Patterson, contends that her guilty plea was involuntary because the trial court purportedly misunderstood the applicable range of punishment. We affirm.

### I.  BACKGROUND

Here, Patterson was charged by indictment with unlawful possession of a controlled substance—dihydrocodeinone—within 1,000 feet of Hamilton High School, a

drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.114(b) (West 2010); *see also id.* § 481.134(a)(5) (West Supp. 2015). Thereafter, the State provided notice of its intent to enhance the punishment range with Patterson's two prior felony drug-possession convictions.[1] The enhancements served to elevate the charged offense from a third-degree felony to that of a first-degree felony with a punishment range of twenty-five to ninety-nine years or life imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.114(b), 481.134(d); *see also* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015).

Before trial, Patterson entered a guilty plea in open court without the benefit of an agreement with the State. She also signed plea documents where she formally acknowledged, among other things, that the applicable range of punishment was "[i]mprisonment for life or any term of not more than 99 years or less than 25 years." Additionally, the plea documents, which Patterson signed, indicated that she is mentally competent and that her "plea is freely and voluntarily made."

At trial, the trial court reviewed the documents with Patterson and provided required admonishments. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a). During questioning, Patterson acknowledged that her guilty plea was knowing and voluntary. Thereafter, the trial court determined that Patterson's plea was made knowingly and voluntarily, accepted Patterson's guilty plea, and proceeded to the punishment phase of

---

[1] Patterson's prior felony convictions occurred in 1996 and 1986, both in Dallas County, Texas.

trial.  At the conclusion of the punishment phase, the trial court sentenced Patterson to thirty-five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice and certified Patterson's right of appeal.  This appeal followed.

## II.    STANDARD OF REVIEW

A guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily.  *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises.  *Id.* (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)).  An involuntary plea must be set aside.  *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *see Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  To determine whether a plea is voluntary, we consider the record as a whole.  *See Williams*, 522 S.W.2d at 485.

When the record indicates that the trial court duly admonished the defendant, this presents a prima-facie showing that defendant's plea was voluntary.  *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *see Jackson v. State*, 139 S.W.3d 7, 14 (Tex. App.—Fort Worth 2004, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)-(b) (West Supp. 2015).  Defendants who previously admitted their pleas were voluntarily and knowingly made carry a heavy burden on appeal to prove otherwise.  *Labib v. State*, 239 S.W.3d 322, 332 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Acosta v. State*, 160

S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *see Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam) ("A defendant may still raise the claim that his plea was not voluntary; however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm." (citing *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985) (per curiam))).

### III. ANALYSIS

On appeal, Patterson contends that the trial court considered the wrong punishment range, which rendered Patterson's guilty plea involuntary. It is undisputed that the proper punishment range in this case is imprisonment for life or any term not more than ninety-nine years or less than twenty-five years. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.114(b), 481.134(d); *see also* TEX. PENAL CODE ANN. § 12.42(d). And contrary to Patterson's assertion, there is no indication in the record that the trial court considered the wrong punishment range. In fact, as one of the admonishments given to Patterson, the trial court noted the following:

> All right. Mrs. Patterson, I have been—have been presented with a document entitled written plea admonishment in this cause. It indicates the charge in the first paragraph, then describes the—the punishment level as a habitual offender.
>
> Do you understand that the State's enhancement counts to which you have pled true would make this offense a habitual offender level offense, which would subject you to *imprisonment for life or for any term not more than ninety-nine years or less than twenty-five years in the Institutional Division*? Do you understand . . . that?

(Emphasis added). Patterson responded, "Yes, sir." Furthermore, it is noteworthy that the trial court's thirty-five-year sentence falls well within the applicable punishment range. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.114(b), 481.134(d); *see also* TEX. PENAL CODE ANN. § 12.42(d). Therefore, based on our review of the record, we cannot say that the trial court considered the wrong punishment range.[2]

Nevertheless, in further arguing that the trial court considered the wrong punishment range, Patterson appears to rely on a statement made by the prosecutor during closing argument. Specifically, the prosecutor mistakenly described the applicable punishment range as follows: "Of course, based on the laws of the State of Texas she's looking at a minimum of thirty years, five of which is mandatory flat time before she would be even eligible for parole, so I think we would trust the Court's discretion in assessing punishment." The State concedes that this statement of the law is incorrect.

Under Texas Rule of Appellate Procedure 44.2(b), when determining harm from non-constitutional error, we must disregard the error unless it affects Patterson's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error

---

[2] And to the extent that Patterson contends that the trial court misunderstood the punishment range due to an apparent consideration of a fine, we note that the trial court specifically stated the following at the conclusion of the punishment phase: "Mrs. Patterson, given the sentence of the Court I don't find that a fine is appropriate in this case." This is not a clear indication that the trial court misunderstood the applicable punishment range. *See, e.g., Harris v. State*, 903 S.W.2d 514, 515 (Tex. App.—Texarkana 1995, no pet.) ("[T]here is no statutory provision for a fine as a habitual offender.").

had a substantial and injurious effect or influence on the outcome. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). And in applying Rule 44.2(b) to improper-argument cases, the Court of Criminal Appeals has noted that we look to three factors: (1) the "severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks)"; (2) "measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge)"; and (3) "the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction)." *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998); *see Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004).

Here, trial counsel did not object to the prosecutor's comment, and no curative measures were taken. However, the magnitude of the statement by the prosecutor is minimal, especially given that: (1) the record demonstrates that the trial court was aware of the applicable punishment range, as evidenced by its review of the plea papers and admonishing Patterson; and (2) the overwhelming weight of the evidence supporting Patterson's guilty plea.[3] Thus, we cannot say that the prosecutor's statement had a substantial and injurious effect on the outcome such that it affected Patterson's

---

[3] In addition to Patterson's guilty plea and pleas of "true" to the enhancements, the State introduced a Department of Public Safety lab report reflecting that Patterson possessed 15.69 grams of dihydrocodeinone, the judgments for Patterson's prior felony convictions for drug offenses, and a video of Patterson discussing drug transactions, the purchase of methamphetamine, counting hydrocodone pills, accepting money, and offering to sell prescription medications. The State also offered the testimony of Justin Caraway, an Investigator for the Sheriff's Office of Hamilton County, to corroborate the documentary evidence.

substantial rights. *See* TEX. R. APP. P. 44.2(b); *King*, 983 S.W.2d at 271; *see also Ramon*, 159 S.W.3d at 929; *Mosley*, 983 S.W.2d at 259.

Accordingly, based on the foregoing, we conclude that Patterson has failed to satisfy her heavy burden of demonstrating that her guilty plea was involuntary. *See Martinez*, 981 S.W.2d at 197; *Ex parte Gibauitch*, 688 S.W.2d at 871; *see also Labib*, 239 S.W.3d at 332; *Acosta*, 160 S.W.3d at 211. We overrule Patterson's sole issue on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.


                        AL SCOGGINS
                        Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2016
Do not publish
[CRPM]

