

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00284-CR

**GARY LYNN RAMSEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-92-C1**

## MEMORANDUM OPINION

A jury found appellant, Gary Lynn Ramsey, guilty of one count of deadly conduct and one count of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. §§ 22.05, 46.04(a). In three issues, Ramsey contends that: (1) the trial court erred by failing to include instructions on the statutory affirmative defenses of insanity and involuntary intoxication in the jury charge; (2) the trial court erred by overruling his oral motion for a continuance; and (3) the judgment should be modified to reflect that he was convicted

in Count II under section 46.04, not section 22.02, of the Texas Penal Code.  We affirm as modified.

## Background

Ramsey was charged by indictment with aggravated assault ("Count I") and unlawful possession of a firearm by a felon ("Count II") stemming from an altercation between Ramsey and his girlfriend, Eaerricka Washington.[1]  The evidence showed that the altercation resulted in Washington fleeing from her apartment in her car as Ramsey fired twenty rounds from a rifle at the back of her car as she drove away.

Washington's next-door neighbor, Erik Billingsley, testified that he is a childhood friend of Ramsey and that, on the night in question, he observed Ramsey to be "real messed up," buck naked, foaming at the mouth, vomiting, and swinging his arms like he was fighting demons.  Law enforcement apprehended Ramsey, and during an interview, Ramsey explained that the incident was a drug deal gone bad.  Specifically, Ramsey recounted that an individual identified only by the name of "Tee" came over to the apartment to buy drugs and that they smoked marihuana together.  Ramsey believed that his blunt contained "regular weed," but he later realized that it contained K2.  Ramsey admitted that he was intoxicated and argued that his actions towards Washington were the result of his involuntary ingestion of K2.

---

[1] The indictment contained two enhancement allegations and a section 12.42(d) habitual allegation referencing Ramsey's prior felony convictions for credit-card abuse, aggravated assault, and aggravated assault with a deadly-weapon finding.  *See* TEX. PENAL CODE ANN. § 12.42(d).

Before trial, the State indicated that it would be proceeding on the lesser-included offense of deadly conduct in Count I. In light of this information, Ramsey orally moved for a continuance, which was denied. Ultimately, a jury found Ramsey guilty of deadly conduct in Count I and unlawful possession of a firearm by a felon in Count II. Ramsey pleaded "true" to the enhancement and habitual allegations in the indictment. The jury found the enhancement and habitual allegations true and assessed Ramsey's punishment at life imprisonment in Count I and sixty years' imprisonment with a $10,000 fine in Count II. The trial court certified Ramsey's right to appeal, and this appeal followed.

**Issue One**

In his first issue, Ramsey argues that the trial court erred by failing to include instructions on the statutory affirmative defenses of insanity and involuntary intoxication. We disagree.

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If the error was preserved by objection, any error that is not harmless will constitute reversible error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Landrum v. State*, 590 S.W.3d 640, 645 (Tex. App.—Waco 2019, no pet.).

When determining whether a defensive instruction should have been provided, appellate courts view the evidence in the light most favorable to the request. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006). In general, a defendant is entitled to a jury instruction on a defensive issue if the defensive issue "is raised by the evidence, regardless of the strength or credibility of that evidence." *Farmer v. State*, 411 S.W.3d 901, 906 (Tex. Crim. App. 2013).

In the instant case, Ramsey requested defensive instructions on insanity and involuntary intoxication. Section 8.01 of the Texas Penal Code provides that: "It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong." TEX. PENAL CODE ANN. § 8.01(a). However, the Code of Criminal Procedure requires that the defendant file notice of his intention to raise the defense at least twenty days before the date the case has been set for trial. TEX. CODE CRIM. PROC. ANN. art. 46C.051(a)-(b). The trial court may, on a finding of good cause for failure to serve timely notice, still allow evidence of insanity. *Id.* art. 46C.052.

There is nothing in the record indicating that Ramsey provided notice of his intent to raise the defense of insanity at least twenty days before trial. Nor is there evidence that the trial court made a finding of good cause for failure to serve timely notice. Therefore, given the above, Ramsey was not entitled to an instruction on insanity.

Nevertheless, even if the insanity defense was applicable, the evidence does not raise the issue of insanity. In particular, Ramsey directs us to evidence showing that he smoked a blunt that contained K2, rather than marihuana. After Ramsey smoked the blunt, Billingsley saw Ramsey foaming at the mouth, vomiting, and swinging his arms like he was fighting demons. Billingsley described Ramsey as being "real messed up." This is not enough to raise the issue of temporary insanity and, thus, entitle Ramsey to an instruction on insanity, especially considering there is no evidence showing that Ramsey was unable to understand the wrongfulness of his conduct. *See Arnold v. State*, 742 S.W.2d 10, 14 (Tex. Crim. App. 1987) (concluding that evidence showing the defendant was intoxicated and nothing more does not justify submission of an issue on temporary insanity, and refusal to submit such charge is not error; and noting that the proper place for an instruction on temporary insanity induced by voluntary intoxication is in the court's charge at the penalty stage of the trial); *Hart v. State*, 537 S.W.2d 21, 24 (Tex. Crim. App. 1976) (noting that a loss of memory due to alcohol or drug abuse is insufficient to raise the issue of temporary insanity); *see also* TEX. PENAL CODE ANN. § 8.01(a); *Ex parte Martinez*, 195 S.W.3d 713, 722 (Tex. Crim. App. 2006).

With regard to Ramsey's request for an instruction on involuntary intoxication, we note that the Court of Criminal Appeals has determined that the insanity defense also encompasses the defense of insanity due to involuntary intoxication. *Mendenhall v. State*, 77 S.W.3d 815, 818 (Tex. Crim. App. 2002). Thus, it is an affirmative defense to

prosecution that, at the time of the alleged offense, the defendant, as a result of severe mental defect caused by involuntary intoxication, did not know that his conduct was wrong. *Id.* Intoxication is involuntary if the defendant exercised no independent judgment or volition in taking the intoxicant. *See Torres v. State*, 585 S.W.2d 746, 749 (Tex. Crim. App. 1979).

Notwithstanding the fact that Ramsey did not provide timely notice of his intent to raise an insanity defense, Ramsey admitted that he intended to smoke the blunt that he believed contained marihuana. Mistakenly taking one drug thinking it was a different drug is not sufficient to constitute involuntary intoxication. *See Farmer*, 411 S.W.3d at 908; *see also Collins v. State*, No. 02-18-00449-CR, 2019 Tex. App. LEXIS 8026, at **7-8 (Tex. App.—Fort Worth Aug. 30, 2019, no pet.) (mem. op., not designated for publication) (holding that the defendant ingesting an unknown medication that he believed was hydrocodone, even if it is not hydrocodone, does not constitute involuntary intoxication). Furthermore, Ramsey offered no evidence that, because of his purported involuntary intoxication, he did not know his conduct was wrong. *See Mendenhall*, 77 S.W.3d at 818 (stating that a defendant must establish that his involuntary intoxication caused him to not know his conduct was wrong); *Arnold*, 742 S.W.2d at 14; *see also Lewis v. State*, No. 05-12-00837-CR, 2013 Tex. App. LEXIS 13607, at **18-25 (Tex. App.—Dallas Oct. 31, 2013, pet. ref'd) (not designated for publication) (concluding that even if intoxication was involuntary, the evidence did not permit a rational jury to conclude that defendant did

not know his conduct was wrong); *Harris v. State*, No. 02-09-00177-CR, 2011 Tex. App. LEXIS 1600, at \*\*12-13 (Tex. App.—Fort Worth Mar. 3, 2011, no pet.) (mem. op., not designated for publication) (same).

Accordingly, we conclude that the trial court did not err by failing to include defensive instructions on insanity and involuntary intoxication. We overrule Ramsey's first issue.

**Issue Two**

In his second issue, Ramsey asserts that the trial court erred by overruling his oral motion for continuance made during a pre-trial hearing. In his oral motion, Ramsey complained that he had not been given ten days' notice of the State's intent to proceed to trial in Count I of the indictment on the lesser-included offense of deadly conduct.

The Code of Criminal Procedure provides that "[a] criminal action may be continued on the written [and sworn] motion of the State or of the defendant, upon sufficient cause shown . . . ." TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08. The Court of Criminal Appeals has interpreted this to mean that " 'if a party makes an unsworn oral motion for continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal.'" *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (quoting *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009)). "Ultimately, an unsworn oral motion [for continuance] preserves nothing for appeal." *Blackshear*, 385 S.W.3d at 591.

Because Ramsey's motion for continuance was neither written nor sworn, he has not preserved this complaint for appellate review. *See* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08; *see also Blackshear*, 385 S.W.3d at 591; *Anderson*, 301 S.W.3d at 279. We overrule Ramsey's second issue.

**Issue Three**

In his third issue, Ramsey contends that the judgment should be reformed to reflect that he was convicted in Count II under section 46.04, not section 22.02, of the Texas Penal Code. In a cross-issue, the State urges us to further reform the judgment to delete the $10,000 fine assessed in Count II because there is no statutory provision for a fine for a habitual offender.

The record reflects that Ramsey was convicted in Count II for unlawful possession of a firearm by a felon. Section 46.04(a) of the Texas Penal Code is the operative statute for this offense. *See* TEX. PENAL CODE ANN. § 46.04. However, the judgment indicates that the statute corresponding with Ramsey's conviction in Count II is section 22.02, which pertains to aggravated assault. *See id.* § 22.02. Because a court of appeals has the authority to correct and reform a judgment to make the record speak the truth when it has information to do so, we modify the trial court's judgment of conviction to reflect that the statute for the offense in Count II is section 46.04(a) of the Texas Penal Code. *See id.* § 46.04(a); *see also* TEX. R. APP. P. 43.2(b) (authorizing a court of appeals to "modify a trial court's judgment and affirm it as modified"); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.

Crim. App. 1993) (concluding that an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

Next, we address the State's contention that the $10,000 fine in Count II should be deleted. *See Bigley*, 865 S.W.2d at 27-28. "A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). "[A] defendant cannot agree to an illegal sentence." *Jackson v. State*, 990 S.W.2d 879, 881 (Tex. App.—Beaumont 1999, no pet.), *overruled on other grounds by Sawyer v. State*, 294 S.W.3d 862 (Tex. App.—Beaumont 2009, pet. ref'd). Section 12.42 of the Texas Penal Code provides penalties for repeat and habitual felony offenders on trial for a first, second, or third-degree felony. TEX. PENAL CODE ANN. § 12.42. Subject to exceptions not applicable in this case, section 12.42(d) provides that:

> [I]f it is shown on the trial of a felony offense other than a state jail felony . . . the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years.

*Id.* § 12.42(d). Section 12.42(d) does not authorize a fine in addition to imprisonment. *Id.*; *see Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App.—Texarkana 2013, pet. ref'd); *see also Harris v. State*, 903 S.W.2d 514, 515 (Tex. App.—Texarkana 1995, no pet.) ("[T]here is no

statutory provision for a fine as a habitual offender."); *Goodwin v. State*, 694 S.W.2d 19, 29 (Tex. App.—Corpus Christi 1985, pet. ref'd) (holding that the trial court erred by assessing a fine under section 12.42(d)).

Here, Ramsey was convicted of unlawful possession of a firearm by a felon, which is a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(a), (e). The jury found the indictment's enhancement and habitual allegations to be true, thereby invoking the punishment range set forth in section 12.42(d) of the Texas Penal Code. *See id.* § 12.42(d). The judgment entered by the trial court for Count II reflects that a $10,000 fine was assessed by the jury. The jury was instructed that the range of punishment with findings of true to the enhancement and habitual allegations was a term of incarceration of twenty-five years to life and a fine in any amount not to exceed $10,000. However, section 12.42(d) does not allow for the imposition of the $10,000 fine assessed in Count II. *See id.*; *see also Dolph*, 440 S.W.3d at 908; *Harris*, 903 S.W.2d at 515; *Goodwin*, 694 S.W.2d at 29. Because it was not authorized by section 12.42(d), the imposed $10,000 fine is illegal. *See* TEX. PENAL CODE ANN. § 12.42(d); *see also Dolph*, 440 S.W.3d at 908; *Harris*, 903 S.W.2d at 515; *Goodwin*, 694 S.W.2d at 29.

When a trial court assesses an unauthorized or illegal fine, we may modify the judgment "by striking the requirement . . . appellant pay a fine as a part of his punishment." *Harris v. State*, 670 S.W.2d 284, 285 (Tex. App.—Houston [1st Dist.] 1983, no writ); *see also* TEX. R. APP. P. 43.2(b); *Mizell*, 119 S.W.3d at 806 ("A trial or appellate

court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence."). Thus, we further modify the trial court's judgment by striking the requirement that Ramsey pay a fine as part of his punishment in Count II. We sustain Ramsey's third issue.

## Conclusion

We modify the trial court's judgment in Count II to: (1) reflect that Ramsey was convicted under section 46.04(a) of the Texas Penal Code; and (2) delete the $10,000 fine imposed. As modified, we affirm the trial court's judgments in Counts I and II.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Visiting Justice Rose[2]
Affirmed
Opinion delivered and filed August 25, 2021
Do not publish
[CRPM]



---

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.